IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROOFERS' PENSION FUND, ROOFERS' UNION WELFARE TRUST FUND, CHICAGOLAND ROOFERS' APPRENTICESHIP AND TRAINING FUND, ROOFERS' RESERVE FUND, ROOFING INDUSTRY ADVANCEMENT AND RESEARCH FUND, ROOFERS' LOCAL 11 PROMOTIONAL AND ORGANIZATIONAL FUND, and the Trustee of NATIONAL ROOFING INDUSTRY PENSION FUND,<br><br>     Plaintiffs,<br> v.<br><br>ROBINSON ROOFING, INC., an Illinois Corporation<br><br>     Defendant. | Case No. 09 C 5914<br><br>Judge Virginia M. Kendall |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Roofers' Pension Fund, et al. ("the Fund") sued Defendant Robinson Roofing, Inc., an Illinois Corporation, under Sections 502(a)(3), 502(d)(1), and 515 of the Employee Income Security Act of 1974 ("ERISA") alleging that Robinson Roofing, Inc.'s failure to submit monthly contribution payments violates the parties' Collective Bargaining Agreement and Trust Agreements. After securing a judgment against Robinson Roofing, Inc., the Fund issued to International Contractors, Inc. ("ICI") a Citation to Discover Assets ("the Citation") of Robinson Roofing, Inc. The Fund moves to enter judgment in the amount of $68,113.41 in favor of the Fund and against ICI, and non-party, Lewie Robinson, Jr., moves to quash the Citation. For the reasons set forth below, the Court denies the Fund's Motion for Judgment on the Answer to Citation to Discover Assets and grants Lewie Robinson, Jr.'s Motion to Quash the Citation.

## BACKGROUND

On March 29, 2010, pursuant to an Agreed Judgment Order, the Court dismissed the Fund's Complaint and entered judgment against Robinson Roofing, Inc. for $76,074.07. To satisfy the judgment, the Fund initiated supplementary proceedings to discover Robinson Roofing, Inc.'s assets. On April 27, 2010, the Fund issued to ICI the Citation. ICI responded to the Citation with a letter to the Fund, in which it stated that ICI does not have any contracts with Robinson Roofing, Inc. According to the letter, however, ICI does have a pending contract with Lewie Robinson, Jr., d/b/a Robinson Roofing, a sole proprietorship ("Lewie Robinson" or "Robinson Roofing"). ICI attached to its letter documents relating to its agreement with Robinson Roofing. Citing an Application and Certificate for Payment from Robinson Roofing that was among those documents (*see* R. 23, Mot. for Judgment, Ex. A.), the Fund moves to enter judgment in the amount of $68,113.41 in favor of the Fund and against ICI. ICI objects, arguing that it does not hold any assets of Robinson Roofing, Inc. because its contract is with Robinson Roofing—a sole proprietorship—not Robinson Roofing, Inc.—a corporation. Alternatively, ICI argues that Robinson Roofing is not currently owed any money under its contract. Lewie Robinson, Jr. also moves to quash the Citation, arguing that there is no evidence that he is liable to the Fund and that, under Illinois law, a judgment creditor may not pierce the corporate veil in supplementary proceedings.

## DISCUSSION

A citation to discover assets is a supplemental proceeding governed by Federal Rule of Civil Procedure 69 ("Rule 69"). Rule 69 provides that the procedure for executing a money judgment "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). Under Illinois law, a judgment creditor is entitled

2

to examine a judgment debtor or any third party who might hold the assets of the judgment debtor. 735 ILCS 5/2-1402; *see also* Illinois Supreme Court Rule 277 ("Rule 277") (allowing a judgment creditor to bring supplemental proceedings against "any third party the judgment creditor believes has property of or is indebted to the judgment debtor"); *Resolution Trust Corp. V. Ruggiero*, 994 F.2d 1221, 1223 (7th Cir. 1993) (Illinois law entitles the judgment creditor to examine anyone who might have relevant information under oath about "the existence and whereabouts of assets that might be used to satisfy the judgment").

To proceed against a third party in supplemental proceedings, however, "the record must contain some evidence showing that the third party possessed assets of the judgment debtor." *Pyshos v. Heart-land Dev. Co.*, 630 N.E. 2d 1054, 1057 (1st Dist. 1994); *see also, e.g.*, *Schak v. Blom*, 777 N.E. 2d 635, 639 (1st Dist. 2002) (same); *Johnson v. St. Therese Med. Ctr.*, 694 N.E. 2d 1088, 1092 (2d Dist. 1998) (same). The judgment creditor need not have specific evidence of assets or income sought; a reasonable belief that the third party possess assets of the judgment debtor is sufficient. *See Regan v. Garfield Ridge Trust and Sav. Bank*, 617 N.E. 2d 818, 820 (2d Dist. 1993). Thus, "the only relevant inquir[y] in supplementary proceedings" against a third party is whether the third party "is holding assets of the judgment debtor that should be applied to satisfy the judgment." *Pyshos*, 630 N.E. 2d at 1057.

If the judgment creditor discovers that the third party holds assets of the judgment debtor, the Court may order the third party to deliver those assets to satisfy the judgment. *See* 735 ILCS 5/2-1402(c)(3) (the court may "[c]ompel any person cited, other than the judgment debtor, to deliver up any assets so discovered, to be applied in satisfaction of the judgment"); *see also, e.g.*, *Schak*, 777 N.E. 2d at 639 (if the record contains evidence showing that the third party possesses assets of the

3

judgment debtor, the citation court has "the jurisdiction to order that party to produce those assets to satisfy the judgment"). Although the provisions of § 2-1402 are to be liberally construed, the burden lies with the Fund "to show that the citation respondent possesses assets belonging to the judgment creditor." *Schak*, 777 N.E. 2d at 639.

Here, the Court cannot grant the Fund's Motion for Judgment on Answer to the Citation because the Fund has not met its burden of showing that ICI possesses assets of Robinson Roofing, Inc. As the documents provided by ICI demonstrate, the Subcontractor Agreement dated December 17, 2009 ("the Agreement") is between ICI and Robinson Roofing, not Robinson Roofing, Inc. (R. 29, Mot. to Quash, Ex. A, Contract at 1 (listing the Subcontractor as Robinson Roofing).) Lewie Robinson, Jr. signed the Agreement as Robinson Roofing's owner, not as a corporate officer. (Mot. to Quash, Ex. A, Contract at 12.) In fact, Lewie Robinson, Jr. signed a number of documents in connection with the Agreement—including an Addendum, also dated December 17, 2009; two Certificates of Liability dated March 11, 2010; a Joint Check Agreement dated April 17, 2010; two Applications for Payment and Waivers of Lien, dated March 20, 2010 and April 24, 2010, respectively; and a W-9,[1] dated March 5, 2010—as either the owner of Robinson Roofing or Lewie Robinson, d/b/a Robinson Roofing. (Mot. to Quash, Ex. A.) Each of these documents lists Robinson Roofing, not Robinson Roofing, Inc. as the contracting party.[2]

---

[1] On the W-9, Lewie Robinson, Jr. signed d/b/a Robinson Roofing and specifically checked that Robinson Roofing is an "Individual/Sole proprietor." (Mot. to Quash, Ex. A.)

[2] Lewie Robinson, Jr. signed a Corporate Resolution statement as part of the Agreement with ICI. The Corporate Resolution, however, lists the entity as Robinson Roofing, not Robinson Roofing, Inc., and Lewie Robinson, Jr. is the only "Shareholder[], Director[], or Officer[] listed. (Mot. to Quash, Ex. A.) The only other evidence in the record that the Agreement with ICI was between ICI and Robinson Roofing, Inc. is a Subcontract Worksheet, which lists "Robinson Roofing, Inc." as the Subcontractor and the use of "Robinson Construction Inc." on one of the Waiver of Lien documents. (Mot. to Quash, Ex. A.) Both documents, however, appear to have been created by ICI, and the Waiver of Lien lists the company being bound as Robinson Roofing. (Mot. to Quash, Ex. A.)

4

In contrast, the documents the Fund attaches to its Response, all dated before ICI and Robinson Roofing entered into the Agreement, either specifically bind Robinson Roofing, Inc., are written on Robinson Roofing, Inc. letterhead, or reference Robinson Roofing, Inc. (R. 32, Fund Resp., Ex. 1-6.) For example, the Fund attaches a Memorandum of Understanding with Local No. 11, dated October 5, 2007, that binds Robinson Roofing, Inc. (Fund Resp., Ex. 1.) On this document, Lewie Robinson, Jr. checked that Robinson Roofing, Inc. was a corporation. (*Id*.) The Fund also attaches an Employers Wage and Fringe Benefit Bond, dated September 19, 2007, which also binds Robinson Roofing, Inc. and is signed on behalf of Lewie Robinson, Jr., Principal. (Fund Resp., Ex. 2.) Finally, the Fund attaches four documents dated between November 26, 2008 and October 31, 2009 that are written on Robinson Roofing, Inc. letterhead or reference Robinson Roofing, Inc. (Fund Resp., Ex. 3-6.)

The difference between the two groups of documents show that Lewie Robinson, Jr. intended to bind an entity called Robinson Roofing when he signed the Agreement with ICI. He did not mistakenly use the phrase "Robinson Roofing" while meaning to bind Robinson Roofing, Inc. Because the evidence shows that ICI does not hold any assets of Robinson Roofing, Inc., the Court denies the Fund's Motion for Judgment on the Answer to the Citation.[3] *See, e.g.*, *Schak*, 777 N.E. 2d at 639 (affirming the lower court's decision to vacate a turnover order against a third party because "[a] review of the record indicate[d] that [the third party] did not possess assets of defendant"); *Johnson*, 694 N.E. 2d at 1092 (declining to enter judgment against a third party in

---

[3] While ICI's alternative argument that Robinson Roofing is not yet entitled to payment under the Agreement is moot, the Court notes that on December 17, 2009, the same day ICI and Robinson Roofing entered into the Agreement, the parties signed an Addendum, which specifically amended the Agreement to delete "[a]ny reference in the Subcontract Agreement wereby ICI's receipt of payment by Owner is a condition precedent to payment by ICI to Subcontractor . . . ." (Mot. to Quash, Ex. A.)

5

supplementary proceedings because "the record [wa]s devoid of any evidence that the Partners possessed assets belonging to the Partnership"). For the same reasons, the Court grants Lewie Robinson, Jr.'s Motion to Quash the Citation. *See Resolution Trust v. Ruggiero*, 994 F.2d 1221, 1223 (7th Cir. 1993) (the relevant provisions of Illinois law "[e]ntitle any third party who claims an interest in those assets to appear and be heard on his claim").

Nevertheless, the Court acknowledges that the evidence submitted by the Fund suggests that Lewie Robinson, Jr. may have created Robinson Roofing as a means for avoiding a judgment against Robinson Roofing, Inc. and in favor of the Fund. (*See, e.g.*, Fund Resp., Ex. 5-6.) While the Fund is not allowed to pierce the corporate veil in supplemental proceedings, *see Star Ins. Co. v. Risk Marketing Group Inc.*, 561 F.3d 656, 660 (7th Cir. 2009) (citation omitted) ("[W]e have previously held that Illinois courts likely would not 'permit veil-piercing in supplementary proceedings under § 5/2-1402.'"), it does have other remedies. For example, it may initiate supplemental proceedings against the third-party shareholders and directors, limited, however, "to considering the allegations that the shareholders and directors are holding assets of the judgment debtor corporation." *See Pyshos*, 630 N.E. 2d at 1058. Alternatively, it may file a new case in state court to pierce the corporate veil to hold individual shareholders and directors liable for the judgment of the corporation. *See id.*

Additionally, as the Fund suggests in its Response to Lewie Robinson's Motion to Quash, pursuant to Federal Rule of Civil Procedure Rule 25(c) ("Rule 25(c)"), the Fund may move to substitute Robinson Roofing—the alleged successor entity of Robinson Roofing, Inc.—as the Judgment Debtor in this case. *See, e.g.*, *Chic. Dist. Council of Carpenters Pension Fund v. Artistry Woodworking, Inc.*, No. 92 C 2069, 1997 WL 12794, at *2 (N.D. Ill. Jan. 10, 1997) (Grady, J.)

(granting the plaintiff's motion to substitute a third party as a party defendant liable for the judgment entered in the case). Although there is no formal motion to substitute pursuant to Rule 25(c) pending before the Court, the Court finds that there is enough evidence of successor liability to grant the Fund's request for limited discovery on the issue. Discovery will be limited to the following issues: (1) whether there is sufficient indicia of continuity between Robinson Roofing and Robinson Roofing, Inc.; and (2) whether Robinson Roofing had notice of Robinson Roofing, Inc.'s liability. *See Upholsterers' Int'l Union Pension Fund v. Artistic Furniture of Pontiac*, 920 F.2d 1323, 1327-29 (7th Cir. 1990) (applying successor liability in a case in which the plaintiff sought "recovery of delinquent multiemployer pension fund contributions").

## **CONCLUSION AND ORDER**

For the reasons stated, the Court denies the Fund's Motion for Judgment on the Answer to the Citation, grants Lewie Robinson, Jr.'s Motion to Quash, and grants limited discovery on the issue of whether Robinson Roofing is the successor entity of Robinson Roofing, Inc.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: December 1, 2010